NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     E-mail:    alex.wyman@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
AMANDA R. VAUGHN (MD Bar, numbers not assigned)
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
     1400 New York Ave. NW
     Washington, D.C. 20530
     Telephone: (202) 616-4530
     Facsimile: (202) 514-0152
     E-mail:    amanda.vaughn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-299-DMG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| WILLIAM SADLEIR, | |
| Defendant. | CURRENT TRIAL DATE: September 22, 2020 PROPOSED TRIAL DATE: December 15, 2020 PROPOSED PRETRIAL CONFERENCE: December 2, 2020, at 2:30 PM |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and the Fraud Section of the United States Department of Justice, and defendant WILLIAM SADLEIR ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Adam Olin, hereby stipulate as follows:

1.   The Indictment in this case was filed on July 17, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 22, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 25, 2020.

2.   On July 22, 2020, the Court set a trial date of September 22, 2020, and a pretrial conference on September 9, 2020.

3.   Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately four to five days.

4.   By this stipulation, defendant moves to continue the trial date to December 15, 2020, and to set a pretrial conference for December 2, 2020.  This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with violations of 18 U.S.C. §§ 1343 (wire fraud), 1014 (false statement to a financial institution), 1344(2) (bank fraud), and 1957 (transactional money laundering).  The government has produced discovery to the defense, including approximately 2,600 pages of written reports, bank records, email correspondence, photographs, and other documents obtained during the government's investigation, as well as both video and audio recordings.

2

1      b.   On March 13, 2020, following the President's

2  declaration of a national emergency in response to COVID-19, the

3  Court entered a General Order suspending jury selection and jury

4  trials scheduled to begin before April 13, 2020.  (C.D. Cal. General

5  Order No. 20-02, In Re: Coronavirus Public Emergency, Order

6  Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).)  The

7  Court subsequently continued that suspension through June 1, 2020.

8  (C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public

9  Emergency, Further Order Concerning Jury Trials and Other Proceedings

10 (Apr. 13, 2020).)

11     c.   Also on March 13, 2020, the Court imposed health- and

12 travel-related limitations on access to Court facilities.  (C.D. Cal.

13 General Order No. 20-03, In Re: Coronavirus Public Emergency, Order

14 Concerning Access to Court Facilities (Mar. 13, 2020).)  On March 19,

15 2020, by Order of the Chief Judge, the Court instituted its

16 Continuity of Operations Plan ("COOP"), closing all Central District

17 of California courthouses to the public (except for hearings on

18 criminal duty matters) and taking other emergency actions.  (C.D.

19 Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020).)  On March

20 29 and 31, recognizing COVID-19's continued spread in the community,

21 the Court took further action: implementing video-teleconference and

22 telephonic hearings and suspending all grand-jury proceedings.  (C.D.

23 Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044

24 (Mar. 31, 2020).)  On June 26, 2020, the Chief Judge extended Order

25 No. 20-043 for another 90 days.  (C.D. Cal. Order of the Chief Judge

26 No. 20-080 (June 26, 2020).)

27     d.   These orders were imposed based on (1) the California

28 Governor's declaration of a public-health emergency in response to

3

the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. (See General Order 20-02, at 1.)  The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. (See Order of the Chief Judge No. 20-042, at 1-2.)

       e.   On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. (California Executive Order N-33-20 (Mar. 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (Mar. 19, 2020).)  Subject to similarly limited exceptions, all travel was prohibited. (Safer At Home ¶ 4.)  Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. (Id. ¶ 2.)  In addition, all schools in the Los Angeles Unified School District ("LAUSD") were closed through the summer of 2020.

       f.   On May 13, 2020, Mayor Garcetti revised the March 19, 2020 Safer at Home Order, removing the May 15, 2020 end date and providing no set end date. (See Safer at Home, Public Order Under City of Los Angeles Emergency Authority (updated May 13 and 27, 2020).)  On June 1, 2020, Mayor Garcetti issued the Safer L.A. Order, encouraging residents to continue "to stay safer at home as much as possible, to avoid gathering with others outside their households in both indoor and outdoor settings, and to telework as much as possible," with exceptions for certain activities and types of

employees.  (Safer L.A., Public Order Under City of Los Angeles
Emergency Authority (June 1, 2020) at 1.)  Official public health
guidance continues to evolve on a near daily basis.  Indeed, Mayor
Garcetti's June 1, 2020 Safer L.A. Order was updated on July 13, 2020
to "reinstitute[] some of the restrictions [the City of Los Angeles]
saw in the early days of the pandemic."  (Safer L.A., Public Order
Under City of Los Angeles Emergency Authority (June 1, 2020, updated
July 13, 2020) at 1.)  Also on July 13, 2020, LAUSD announced that
all LAUSD schools would remain closed through the fall of 2020.

g.    On May 28, 2020, the Court announced its Plan for
Phased Resumption of Operations ("Reopening Plan"), which has three
phases.  (C.D. Cal. Amended General Order No. 20-08, In Re:
Coronavirus Public Emergency, Order Concerning Phased Reopening of
the Court (May 28, 2020).)  Phase 1, implemented on June 1, 2020,
involves the return of certain staff to the courthouses to prepare
for limited in-court hearings.  (Reopening Plan at 2.)  Phase 2
involves reopening courthouses for limited in-court hearings and was
implemented as of June 22, 2020.  (Id.)  Phase 3 would call for the
resumption of jury trials.

h.    On August 6, 2020, the Court issued a revised
reopening plan, which confirmed that a date for Phase 3 had yet to be
determined and stated that, "Until further notice, no jury trials
will be conducted in criminal cases."  (C.D. Cal. General Order No.
20-09, In Re: Coronavirus Public Emergency Order Concerning Phased
Reopening of the Court (Aug. 6, 2020).)  It remains unclear when jury
trials will resume and, if they do resume, what the Court's capacity
will be for hearing them.

1    i.   In light of the foregoing, counsel for defendant also

2  represents that additional time is necessary to confer with

3  defendant, conduct and complete an independent investigation of the

4  case, conduct and complete additional legal research including for

5  potential pretrial motions, review the discovery and potential

6  evidence in the case, and prepare for trial in the event that a

7  pretrial resolution does not occur.  Defense counsel represents that

8  failure to grant the continuance would deny him reasonable time

9  necessary for effective preparation, taking into account the exercise

10  of due diligence.

11    j.   Defendant believes that failure to grant the

12  continuance will deny him continuity of counsel and adequate

13  representation.

14    k.   The government does not object to the continuance.

15    l.   The requested continuance is not based on congestion

16  of the Court's calendar, lack of diligent preparation on the part of

17  the attorney for the government or the defense, or failure on the

18  part of the attorney for the government to obtain available

19  witnesses.

20    6.   For purposes of computing the date under the Speedy Trial

21  Act by which defendant's trial must commence, the parties agree that

22  the time period from the date of the Court's corresponding Order to

23  December 15, 2020, inclusive, should be excluded pursuant to 18

24  U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the

25  delay results from a continuance granted by the Court at defendant's

26  request, without government objection, on the basis of the Court's

27  finding that: (i) the ends of justice served by the continuance

28  outweigh the best interest of the public and defendant in a speedy

1    trial; (ii) failure to grant the continuance would be likely to make

2    a continuation of the proceeding impossible, or result in a

3    miscarriage of justice; and (iii) failure to grant the continuance

4    would unreasonably deny defendant continuity of counsel and would

5    deny defense counsel the reasonable time necessary for effective

6    preparation, taking into account the exercise of due diligence.

7         7.    Nothing in this stipulation shall preclude a finding that

8    other provisions of the Speedy Trial Act dictate that additional time

9    periods be excluded from the period within which trial must commence.

10   Moreover, the same provisions and/or other provisions of the Speedy

11   Trial Act may in the future authorize the exclusion of additional

12   time periods from the period within which trial must commence.

13        IT IS SO STIPULATED.

14   Dated: September 8, 2020          Respectfully submitted,

15                                     NICOLA T. HANNA
                                       United States Attorney
16
                                       BRANDON D. FOX
17                                     Assistant United States Attorney
                                       Chief, Criminal Division
18
                                       DANIEL S. KAHN
19                                     Acting Chief, Fraud Section
                                       United States Department of Justice
20

21                                     _____/s/_____
                                       ALEXANDER C.K. WYMAN
22                                     Assistant United States Attorney
                                       AMANDA R. VAUGHN
23                                     Trial Attorney
                                       Fraud Section, Criminal Division
24                                     United States Department of Justice

25                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
26

27

28

1    I am WILLIAM SADLEIR's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client.  I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than December 15, 2020 is an

7  informed and voluntary one.

8    *Adam Olin*                              September 10, 2020
9  ADAM OLIN                                   Date
   Deputy Federal Public Defender
10 Attorney for Defendant
   WILLIAM SADLEIR

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than December 15, 2020.  I

16 understand that I will be ordered to appear in Courtroom 8C of the

17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18 December 2, 2020, at 2:30 PM, for a pretrial conference, and on

19 December 15, 2020, at 8:30 AM, for trial.

20    *William F. Sadleir*                     September 9, 2020
21 WILLIAM SADLEIR                             Date
   Defendant
22

23

24

25

26

27

28