NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     E-mail:    alex.wyman@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
AMANDA R. VAUGHN (MD Bar, numbers not assigned)
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
     1400 New York Ave. NW
     Washington, D.C. 20530
     Telephone: (202) 616-4530
     Facsimile: (202) 514-0152
     E-mail:    amanda.vaughn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-299-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER AUTHORIZING DISCLOSURE OF TAX RETURNS AND RETURN INFORMATION AND FOR PROTECTIVE ORDER |
| v. | |
| WILLIAM SADLEIR, | |
| Defendant. | [No Hearing Required] |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and the Fraud Section of the United States Department of Justice, hereby applies ex parte for an Order authorizing the disclosure of tax returns and return information in the possession of

the United States Attorney's Office to defendant WILLIAM SADLEIR ("defendant") in the above-captioned case.  Specifically, the government requests that the Court issue an Order authorizing government counsel to produce to defendant in discovery and, as deemed relevant, the parties to use in any court proceeding or trial in the above-captioned case, the tax returns and return information relating to the following entities: Aviron Group, LLC; Aviron Licensing, LLC; Aviron Releasing, LLC dba Regatta; and Aviron Pictures, LLC.  The government also seeks the issuance of a protective order limiting the further dissemination of such sensitive information.

This Application is brought pursuant to 26 U.S.C. § 6103(i)(4)(A)(ii) and is based on the attached Memorandum of Points and Authorities, the attached Declaration of Alexander C.K. Wyman, the Authorization for Application by United States Attorney filed concurrently herewith, the files and records of this case, and such further evidence and argument as the Court may permit.

//
//
//
//
//
//
//
//
//
//
//

1   This Application is being filed with this Court, rather than
2   with a duty magistrate judge, because the trial in this matter is
3   scheduled before this Court.

4

5   Dated: September 14, 2020         Respectfully submitted,

6                                     NICOLA T. HANNA
                                      United States Attorney
7
                                      BRANDON D. FOX
8                                     Assistant United States Attorney
                                      Chief, Criminal Division
9
                                      DANIEL S. KAHN
10                                    Acting Chief, Fraud Section
                                      United States Department of Justice
11

12            /s/
    ─────────────────────────────────
    ALEXANDER C.K. WYMAN
13  Assistant United States Attorney
    AMANDA R. VAUGHN
14  Trial Attorney
    Fraud Section, Criminal Division
15  United States Department of Justice

16  Attorneys for Plaintiff
    UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

On July 17, 2020, the Indictment in the above-captioned case was filed, charging defendant WILLIAM SADLEIR ("defendant") with three counts of wire fraud, in violation of 18 U.S.C. § 1343, three counts of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014, three counts of bank fraud, in violation of 18 U.S.C. § 1344(2), and three counts of money laundering, in violation of 18 U.S.C. § 1957.  Defendant is released on bond.

During the course of the investigation leading to the Indictment, the government obtained an ex parte order directing the Internal Revenue Service ("IRS") to provide government counsel with copies of tax returns and return information related to the following entities, pursuant to 26 U.S.C. §§ 6013(i)(1), (4): Aviron Group, LLC; Aviron Licensing, LLC; Aviron Releasing, LLC dba Regatta; and Aviron Pictures, LLC.  (Declaration of Alexander C.K. Wyman ("Wyman Decl.") ¶ 2.)  Government counsel received, pursuant to the ex parte order, copies of tax returns and return information related to these entities.  (Id.)

In a case such as this one, which does not involve tax administration because the government has not brought tax charges, the Court may issue an order authorizing the disclosure of tax returns and return information of individuals and entities gathered during the investigation to the extent such disclosure is required by Rule 16 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3500 (the Jencks Act).  26 U.S.C. § 6103(i)(4)(A)(ii); see also 26 U.S.C. § 6103(h)(4)(D) (same for case involving tax administration). Moreover, Brady v. Maryland, 373 U.S. 83 (1963), requires the government to produce to criminal defendants all materials that may

be exculpatory.  Out of an abundance of caution, and to ensure its compliance with its obligations under Rule 16, the Jencks Act, and Brady, the government believes that it should produce the tax returns and return information in its possession related to Aviron Group, LLC; Aviron Licensing, LLC; Aviron Releasing, LLC dba Regatta; and Aviron Pictures, LLC.  There is reasonable cause to believe that these tax returns and return information are or may be relevant to the acts charged in the above-captioned case.

    Based on the foregoing, the government respectfully requests that the Court grant this application and enter an Order containing the following provisions:

    1.   The government may, consistent with its discovery obligations, produce to counsel for defendant WILLIAM SADLEIR copies of tax returns and return information obtained by the United States Attorney's Office for the Central District of California ("USAO") during the course of the investigation leading to the Indictment in this matter and currently in the USAO's possession ("Protected Tax Information").

    2.   The government shall identify the Protected Tax Information in discovery by using the following designation on the documents, on a diskette cover, or in an accompanying cover letter: "PROTECTED TAX INFORMATION – SUBJECT TO PROTECTIVE ORDER."

    3.   Defendant and his counsel shall not disclose the Protected Tax Information to any other persons, except as necessary in preparation of the defense, without prior authorization from the Court.

4. The government and the defense may disclose the Protected Tax Information in any court proceeding or trial in the above-captioned case.

5. At the conclusion of the case, including all proceedings in the trial and/or appellate courts, defense counsel shall either return all copies of the Protected Tax Information to the USAO, destroy or cause to be destroyed all copies of the Protected Tax Information and certify the destruction thereof to the USAO, or certify that such materials are being kept pursuant to the Business and Professions code and the Rules of Professional Conduct.

Counsel for the government informed counsel for defendant of this application on September 11, 2020. (Wyman Decl. ¶ 5.) Defense counsel, Deputy Federal Public Defender Adam Olin, indicated that he has no objection to this Application. (Id.)